IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HENRY MARVIN MOSS, | : | |
| Plaintiff | : | |
| vs. | : | |
| Officer RILES, | : | NO. 5:10-CV-148 (CAR) |
| Defendant | : | **O R D E R** |

Plaintiff **HENRY MARVIN MOSS**, an inmate at Augusta State Medical Prison in Grovetown, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting any non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. ***See Rivera v. Allin***, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)'s imminent danger exception. ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. ***Rivera***, 144 F.3d at 721-27.

A review of court records reveals plaintiff has a prolific filing history.[1] As plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's allegations do not support that plaintiff is in "imminent danger of serious physical injury." Moreover, plaintiff is confined, and his named defendant is employed, at Augusta State Medical Prison, which is located in the Southern District of Georgia. Thus, if he wishes to allege that he is in imminent danger and pursue this claim, his complaint should be filed in the Southern District and not this District.

Because plaintiff has more than three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 23rd day of April, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr

---

[1] At present, at least six of plaintiff's complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: ***Moss v. Miller***, 1:98-cv-66 (WLS) (M.D. Ga.) (appeal); ***Moss v. Superior Ct. of Dougherty Co.***, 1:95-cv-222 (WLS) (M.D. Ga. Dec. 8, 1995) (complaint); ***Moss v. Kelley***, 1:95-cv-197 (WLS) (M.D. Ga. Oct 31, 1995) (complaint); ***Moss v. State of Georgia***, 1:94-cv-3360-FMH (N.D. Ga. Feb. 16, 1995) (complaint); ***Moss v. Priddy***, 1:94-cv-9 (WLS) (M.D. Ga. Jan. 28, 1994) (complaint); and ***Moss v. Williams***, 1:94-cv-8 (WLS) (M.D. Ga. Jan. 31, 1994) (complaint).